## FISHER v. MEYER and others.*

'*(Circuit Court, S. D. New York.* February 1, 1882.)

1. PRACTICE—STAY OF PROCEEDINGS—SECURITY FOR JUDGMENT.

    Where defendants, solvent but engaged in active business, moved, after verdict, for a stay of proceedings during the time allowed for making a case, security required under the circumstances as a condition for the granting of such stay.

Motion for Stay of Proceedings.

SHIPMAN, D. J. The motion is not opposed by the plaintiff, but he insists that it should be granted upon terms; *i. e.,* inasmuch as the plaintiff has now no security, that security should be given for the payment of the judgment, if one is rendered. The verdict amounts to a very large sum, viz., about $181,000. The defendants are probably now of ample means to pay all their liabilities, but they are in active business, and whether they will be able to pay their debts at the expiration of some months, in case judgment is entered against them, depends upon contingencies which cannot now be ascertained and made certain. They are now able to give security, and no serious hardships will be imposed thereby. If no security is given, a large claim is placed at some hazard. In the case of so large a verdict against parties who are subject to the vicissitudes of business, I think that the plaintiff is entitled to security.

    The motion of the defendants for a stay is granted, provided they shall give bond, with two sureties, to the satisfaction of the court, in the sum of $200,000, conditioned for the payment to the plaintiff of any judgment which may be rendered against them in this suit, or for the satisfaction of said judgment. In case a writ of error shall be taken to the supreme court, this bond can be vacated, and the bond required by section 1000 upon writs of error will be given.

    *Reported by S. Nelson White, Esq., of the New York bar.